UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOLORES ROSE PEERS,

    Plaintiff,

v.                                                                 Case No: 8:21-cv-935-CEH-AEP

U.S. BANK, N.A. and JAMES E.
ALBERTELLI,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Defendant James E. Albertelli's Notice of Limited Appearance and Motion to Quash Purported Service of Process, or in the alternative, Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) (Doc. 14). In the motion, Defendant requests entry of an order quashing service of process or, in the alternative, dismissing Plaintiff's Complaint. The Court, having considered the motion and being fully advised in the premises, will grant Defendant James E. Albertelli's motion and quash service of process on him.

DISCUSSION

Plaintiff, Dolores Rose Peers, initiated this lawsuit by filing a Complaint on April 20, 2021, in which she names James E. Albertelli, Esquire ("Albertelli"), individually, as a Defendant. Docs. 1, 1-1. Plaintiff alleges the Court's diversity jurisdiction is invoked as she is a New York citizen, attorney Albertelli is a Florida

citizen, and U.S. Bank as trustee of Global Corporate Trust, is a Minnesota corporation. *Id.* at 2–4. The dispute concerns real property located in Hernando County, Florida at 9526 Horizon Drive, Spring Hill, which was originally owned by her parents, Vincent and Dolores Peers, who are now deceased. Plaintiff and her mother share the same name—Dolores Peers—but Plaintiff has a middle name "Rose," and her mother had no middle name. According to Plaintiff, as of April 1, 2002, Plaintiff and her mother owned the subject property together. When her mother died, Plaintiff Dolores Rose Peers became the sole owner of the property.

Defendant U.S. Bank as Trustee, Global Corporate Trust Services, had a claimed interest in the property through a loan with Washington Mutual Bank, F.A., that referenced Dolores R. Peers and an unknown social security number. The Trust had a closing date of May 1, 2007. Washington Mutual Bank failed as a bank on September 25, 2008. Plaintiff alleges the Albertelli Law Firm created a suspicious assignment of mortgage document four years after Washington Mutual Bank filed bankruptcy. In 2018, the property was listed for sale as a fixer-upper, and J.P. Morgan Chase was listed as the owner. The property was sold in 2018 for $100,000 and again in 2019 for $218,000. The title history for the property lists Plaintiff as deceased as of 2018. Plaintiff sues Defendants for fraud in connection with the sale of the subject property. *See* Doc. 1-1.

On April 20, 2021, a summons was issued for Mr. James E. Albertelli, Esquire. Doc. 2 at 2. Defendant Albertelli's address was listed on the summons as the law firm address for The Albertelli Law Firm located at 5404 Cypress Center Drive, Suite 300,

Tampa, Florida. *Id.* On May 14, 2021, Plaintiff filed the return of service for James E. Albertelli, which reflects that the process server completed service of process through "Corporate or Government Service" by delivering the summons and complaint to Stacey Mestayer, attorney, at The Albertelli Law Firm address in Tampa. Doc. 9. On June 11, 2021, Albertelli move to quash service of process. Plaintiff has not filed a response to the motion, and thus the motion is deemed unopposed. *See* M.D. Fla. Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

On September 23, 2021, the Court granted Plaintiff's motion for leave to file an amended complaint. Doc. 22. On October 4, 2021, Plaintiff filed the First Amended Complaint, naming James E. Albertelli d/b/a ALAW The Albertelli Law Firm as a Defendant. Doc. 25.

In his motion to dismiss, Albertelli argues service is improper because he was not personally served and Stacey Mestayer is not authorized to accept service on his behalf. "Generally, where service of process is insufficient, a district court lacks personal jurisdiction over a defendant and, therefore, has no power to render judgment over that defendant." *See Kelly v. Florida*, 233 F. App'x 883, 884 (11th Cir. 2007) (citing *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003)). Under Federal Rule of Civil Procedure 4(c)(1), the plaintiff is responsible for ensuring proper service of a summons and complaint. Where the plaintiff fails to meet her responsibility, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss

3

the action without prejudice as to that defendant or direct that service be effected within a specified time ...." Fed. R. Civ. P. 4(m).

Under Rule 4, service on an individual is accomplished by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Under Florida law, service of process is effected by "delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1)(a).[1]

Albertelli was not served personally. The face of the summons indicates he was purportedly served through "Corporate or Government Service," which is improper for an individual defendant. Further, service on Albertelli was attempted at his place of employment, not his dwelling or place of abode. Finally, the individual served was

---

[1] "Substituted service may be made on an individual doing business as a sole proprietorship at his or her place of business, during regular business hours, by serving the person in charge of the business at the time of service if two attempts to serve the owner are made at the place of business." Fla. Stat. § 48.031(2)(b). In her initial complaint, Plaintiff sues Albertelli individually, and thus this provision would not apply.

4

not authorized to accept service for Albertelli. Doc. 14 ¶ 6. Plaintiff bears the burden of establishing service of process is valid when Defendant challenges service. *Reeves v. Wilbanks*, 542 F. App'x 742, 746 (11th Cir. 2013) (citing *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)). There is no evidence that service on Albertelli, individually, was proper here, and therefore the motion to quash is due to be granted. As Plaintiff has already filed an Amended Complaint naming James E. Albertelli d/b/a ALAW The Albertelli Law Firm as a Defendant, Plaintiff shall serve that Defendant with the operative amended complaint in accordance with Federal Rule of Civil Procedure 4 on or before January 4, 2022. Accordingly, it is

**ORDERED**:

1. Defendant James E. Albertelli's Notice of Limited Appearance and Motion to Quash Purported Service of Process, or in the alternative, Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) (Doc. 14) is **GRANTED**.

2. Service of process on Defendant James E. Albertelli, individually, is **QUASHED**.

3. Plaintiff shall serve James E. Albertelli d/b/a ALAW The Albertelli Law Firm in accordance with Federal Rule of Civil Procedure 4 on or before **January 4, 2022.**

**DONE AND ORDERED** in Tampa, Florida on November 30, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Unrepresented Parties