UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOLORES ROSE PEERS,

    Plaintiff,

v.                                                   Case No: 8:21-cv-935-CEH-AEP

U.S. BANK, N.A., as Trustee
GLOBAL CORPORATE TRUST
SERVICES; JAMES E. ALBERTELLI,
ESQ. d/b/a ALAW
THE ALBERTELLI LAW FIRM,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiff Dolores Rose Peers' Motion for Entry of Default Judgment (Doc. 58), filed on September 6, 2022. In the motion, Plaintiff requests the Court enter default judgment against Defendants U.S. Bank, N.A.; and James E. Albertelli Esq. d/b/a ALAW The Albertelli Law Firm for failing to respond to the Plaintiff's Second Amended Complaint. Doc. 58. Defendant U.S. Bank filed a response in opposition. Doc. 59. Because the Second Amended Complaint (Doc. 46) was stricken as unauthorized by the Court on July 8, 2022, *see* Doc. 52, Defendants were not required to respond to the Second Amended Complaint and the Court does not need a response from the other Defendants in order to rule on the pending motion. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion for Entry of Default Judgment.

## DISCUSSION

Plaintiff initiated this action in April 2021 by filing a Complaint against Defendants, U.S. Bank, N.A., as Trustee, Global Corporate Trust Services and Mr. James E. Albertelli, Esquire. Doc. 1. On October 4, 2021, Plaintiff filed an Amended Complaint against U.S. Bank, N.A., as Trustee, Global Corporate Trust Services and James E. Albertelli, Esquire, d/b/a ALAW The Albertelli Law Firm. Doc. 25. The litigation arises out of the foreclosure and sale of property located at 9526 Horizon Drive, Spring Hill, Florida, that Plaintiff alleges belongs to her. *Id.* ¶¶ 1, 2. The subject property was originally owned by Plaintiff's parents, Vincent and Dolores Peers, which was recorded April 5, 1988. *Id.* ¶ 2. According to Plaintiff, as of April 1, 2002, she and her mother both owned the property, and Plaintiff allegedly became the sole owner of the property after her mother, Dolores Peers' death on February 4, 2004.[1] *Id.*

Plaintiff alleges that Defendant U.S. Bank, N.A., as Trustee of Global Corporate Trust Services claimed an interest to the property through a loan with Washington Mutual Bank, F.A., to one "Dolores R. Peers" with an unknown social security number. *Id.* ¶ 3. Plaintiff states that Washington Mutual Bank, F.A., the loan originator, is a failed bank as of September 25, 2008. *Id.* ¶ 7. Plaintiff alleges a document was filed by the Hernando County Clerk of Court claiming an auction sale regarding the property took place. *Id.* ¶ 8. Plaintiff sues the Albertelli Law Firm and its CEO, James E. Albertelli, for allegedly filing fraudulent documents with the Hernando

---

[1] Plaintiff and her mother share the same first and last name, but Plaintiff's mother did not have a middle name. Plaintiff's middle name is Rose.

County Circuit Court related to foreclosure of the subject Spring Hill property. *Id.* ¶ 15.

Plaintiff claims that the subject property is her legal homestead and the contents of same were emptied and stolen while she was out of the State of Florida. *Id.* ¶ 20. She asserts that the current title to the homestead changed her status to deceased in 2018. *Id.* ¶ 27. She alleges that Albertelli filed documents claiming a verification process occurred, but she denies that verification occurred. *Id.* ¶ 20. In 2018, the subject property was listed for sale as a fixer-upper with J.P. Morgan Chase listed as the owner. *Id.* ¶ 23. The property sold in 2018 to a realtor for $100,000 and was sold again in 2019 for $218,000. *Id.* ¶ 29. The property was recently listed for sale in 2021 at a price of $265,000 and sold for $285,000. *Id.* Plaintiff alleges the property is listed again now for $299,500. *Id.* According to Plaintiff, the title history wrongly shows that Plaintiff is deceased as of 2018. *Id.*

Prior to the filing of the Amended Complaint, James E. Albertelli moved to quash service of process, which the Court granted and directed Plaintiff to properly serve this Defendant in accordance with Federal Rule of Civil Procedure 4. Docs. 14, 32. On October 13, 2021, U.S. Bank, N.A. moved to dismiss the First Amended Complaint. Doc. 29. On January 13, 2022, James E. Albertelli moved to dismiss the First Amended Complaint. Doc. 38. In conjunction with the motion to dismiss, Albertelli filed state court documents related to the foreclosure proceedings, in which Plaintiff appeared and defended. Doc. 42.

On May 25, 2022, a mediation was held, and the parties settled the case contingent upon execution of a written mediation settlement agreement. Doc. 44. Following the notice of settlement filed by the mediator, the Court entered an order on May 31, 2022, terminating the pending motions to dismiss and dismissing the case without prejudice, subject to the rights of any party to submit a form of final order or judgment or move to re-open the case within 60 days. Doc. 45. The case was administratively closed on May 31, 2022. On June 10, 2022, Plaintiff filed a Second Amended Complaint, which was stricken. Docs. 46, 52. On June 21, 2022, Plaintiff filed a notice of no settlement agreement. Doc. 48. On July 1, 2022, Defendant U.S. Bank, N.A., moved to re-open the case and reinstate its motion to dismiss the First Amended Complaint, which the Court granted. Docs. 51, 52. In reopening the case, the Court noted that Plaintiff's Second Amended Complaint (Doc. 46) and exhibits to the Second Amended Complaint (Doc. 49) were improperly filed, and thus both were stricken.[2] Doc. 52. Now before the Court is Plaintiff's Motion for Default Judgment due to Defendants' failure to respond to the Second Amended Complaint. Doc. 58. Because the Second Amended Complaint has been stricken, the motion seeking default against the Defendants for their failure to respond is due to be denied.[3] Accordingly, it is

---

[2] On July 19, 2022, Plaintiff filed a motion for leave to file a Second Amended Complaint (Doc. 55), which is opposed by the law firm, Robertson, Anschutz & Schneid, P.L., who was added as a named Defendant in the Second Amended Complaint. Doc. 56. That motion remains pending.

[3] Additionally, Plaintiff's motion is procedurally defective. Default under Rule 55 is a two-step process. "Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule

4

**ORDERED**:

1. Plaintiff's Motion for Entry of Default Judgment (Doc. 58) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on September 22, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Dolores Rose Peers, *pro se*

---

55(b)(2), there must be an entry of default as provided by Rule 55(a)." 10A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2682 (3d ed. 1998). "The clerk's entry of default must precede an application" for default judgment. *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1360 n.1 (N.D. Ga. 2011); (citing *Deforest v. Johnny Chisholm Global Events, LLC*, No. 3:08–cv–498, 2010 WL 1792094, *7 (N.D. Fla. May 4, 2010)). There are no Clerk's defaults entered against the Defendants under Rule 55(a) here.