UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOLORES ROSE PEERS,

    Plaintiff,

v.                                                  Case No: 8:21-cv-935-CEH-AEP

U.S. BANK, N.A., *et al.*,

    Defendants.
_____/

## ORDER

    This matter comes before the Court on Defendant U.S. Bank, N.A.'s Motion to Dismiss First Amended Complaint (Doc. 29), Plaintiff's response in opposition (Doc. 30), Plaintiff's Supplement to Response in opposition (Doc. 31), Defendant James Albertelli's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 38), Albertelli's Notice of Filing Exhibits in support of Motion to Dismiss (Doc. 42), Plaintiff's response in opposition (Doc. 39), Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 55), Defendant Robertson, Anschutz & Schneid's response in opposition to Plaintiff's motion for leave to amend (Doc. 56), Plaintiff's reply (Doc. 57), Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 61), Defendants' responses in opposition to Plaintiff's Motion for Leave to File Third Amended Complaint (Docs. 64, 65), Plaintiff's reply (Doc. 67), Plaintiff's Motion for Default Judgment against Defendants (Doc. 62), and U.S. Bank's response in opposition (Doc. 63). Defendants seek dismissal of the First Amended Complaint

because it fails to state a claim and because Plaintiff's claims are barred by the litigation privilege and the doctrines of *res judicata* and collateral estoppel. Defendants additionally argue that the First Amended Complaint lists a number of confusing and incongruous statements, cites random Florida Statutes, and fails to meet basic pleading requirements. Docs. 29, 38. Because Plaintiff's First Amended Complaint is a shotgun pleading, the Court will dismiss the First Amended Complaint and grant Plaintiff one final opportunity to amend. Upon consideration, Defendants' motions to dismiss will be denied without prejudice, Plaintiff's motions for leave to amend will be denied because the proposed amended complaints still suffer from shotgun pleading deficiencies, and Plaintiff's Motion for Default Judgment will be denied.

I.   BACKGROUND

   A.   Procedural Background

In her initial complaint filed April 20, 2021, Plaintiff Dolores Rose Peers ("Plaintiff") sued Defendants, U.S. Bank, N.A., as Trustee, Global Corporate Trust Services, and James E. Albertelli, Esquire. Doc. 1. On June 4, 2021, U.S. Bank, N.A., Successor Trustee to Bank of America, N.A., Successor in Interest to LaSalle Bank, N.A., as Trustee, on behalf of the holders of the WAMU mortgage pass-through certificates, Series 2007-OA4 ("U.S. Bank")[1] moved to dismiss Plaintiff's Complaint. Doc. 13. On June 11, 2021, James E. Albertelli, Esquire ("Albertelli") moved to quash service of process, or in the alternative to dismiss or strike Plaintiff's Complaint. Doc.

---

[1] U.S. Bank states it has been erroneously identified as U.S. Bank, N.A. as Trustee, Global Corporate Trust Services. Doc. 13 at 1.

14. Before the Court issued a ruling on Defendants' motions, Plaintiff sought leave to amend her complaint, which the Court granted. Docs. 19, 22. Plaintiff filed her First Amended Complaint on October 4, 2021 (Doc. 25). Defendant U.S. Bank moved to dismiss the First Amended Complaint on October 13, 2021. Doc. 29. Defendant James E. Albertelli, P.A.[2] filed a motion to dismiss the First Amended Complaint on January 13, 2022. Docs. 29, 38. Plaintiff filed responses in opposition to Defendants' motions. Docs. 30, 39. James E. Albertelli, P.A. additionally filed exhibits in support of its motion to dismiss, which included, among other documents, pleadings from the state court foreclosure action.[3] Doc. 42.

In May 2022, the parties attended mediation with mediator Charles Ross and settled the case contingent upon execution of the written settlement agreement. Doc. 44. Based on the Notice of Settlement, the Court dismissed the action without prejudice for a period of sixty days, after which the dismissal would be with prejudice. Doc. 45. After the case was administratively closed, Plaintiff filed a Second Amended Complaint, and on June 21, 2022, Plaintiff filed a notice of "no settlement agreement." Doc. 48. On July 1, 2022, U.S. Bank filed a motion to reopen the case and reinstate

---

[2] In its motion, James E. Albertelli, P.A. states it has been erroneously identified as James E. Albretelli, Esq. d/b/a ALAW the Albertelli Law Firm. Doc. 38 at 1.

[3] "[A] court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *see Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]hen the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment.").

Defendants' motions to dismiss directed to Plaintiff's First Amended Complaint. Doc. 51. The Court granted U.S. Bank's motion to reopen the case, reinstated the Defendants' motions to dismiss, and struck the unauthorized Second Amended Complaint which was filed without leave of Court. Doc. 52. Thereafter, Plaintiff sought leave to amend her complaint (Docs. 55, 61) and moved for default judgment against Defendants U.S. Bank and the Albertelli Law Firm for failing to answer her complaint (Doc. 62).

### B.  Factual Background[4]

In her First Amended Complaint, Plaintiff Dolores Rose Peers ("Plaintiff") sues U.S. Bank, N.A., as Trustee Global Corporate Trust Services and James E. Albertelli, Esquire d/b/a ALAW The Albertelli Law Firm. Doc. 25. The action relates to real property located at 9526 Horizon Drive, Spring Hill, Florida ("the property") that was originally owned by Plaintiff's deceased parents, Vincent and Dolores Peers. *Id.* ¶ 2. Plaintiff and her mother (also Dolores but with no middle name) owned the property jointly in April 2002, and upon her mother's death on February 4, 2004, Plaintiff became the sole owner of the property. *Id.* She asserts Washington Mutual Bank, FA, issued a mortgage on the property and claims the mortgage was in the name of Dolores R. Peers with an unknown Social Security number attached to the loan. *Id.* ¶ 3.

---

[4] The following statement of facts is derived from the First Amended Complaint (Doc. 25), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

Following these allegations, the remainder of the First Amended Complaint is, for the most part, rambling and incoherent. Plaintiff alleges she was told by Southeast Title of Spring Hill in May 2020 that there was odd activity with the title to her property. *Id.* ¶ 5. She claims U.S. Bank said they did not buy the subject property nor file a civil action on it.[5] *Id.* ¶¶ 8, 28. She alleges that "[a]n assumption was made by the Fifth Judicial Circuit Court of Hernando County, Florida that U.S. Bank, as Trustee, Successor on behalf of the certificate holders of the Washington Mutual Bank, F.A. WAMU 2007 OA4 Trust was a 'real' Plaintiff." *Id.* ¶ 10. Plaintiff accuses James Albertelli of failing to verify information in the loan documents and filing fraudulent documents with the Hernando County court. *Id.* ¶¶ 15, 19, 20.

Plaintiff alleges that her legal homestead was emptied of all possessions while she was out of the State and the sale of her home was unauthorized. *Id.* ¶ 20. She states a suspicious assignment of mortgage document was created and filed in court four years after Washington Mutual Bank, FA, filed bankruptcy. *Id.* ¶ 22. She alleges "nefarious behavior or an ongoing scam for the property." *Id.* ¶ 24. The property was sold in 2018 by Select Portfolio Servicing, Inc. to a realtor for $100,000.[6] *Id.* ¶ 29. The property was sold again in 2019 for over two hundred thousand dollars. *Id.* According

---

[5] U.S Bank attaches to its motion to dismiss a mortgage foreclosure complaint filed against "Dolores Peers a/k/a Dolores R. Peers" in Hernando County in November 2012 regarding the subject property. Doc. 29-1.
[6] Plaintiff previously filed suit against Select Portfolio in the Middle District of Florida. *See Peers v. Select Portfolio Servicing, Inc.,* Case No. 8:20-cv-1312-WFJ-CPT (M.D. Fla.). Plaintiff's Amended Complaint in that action was dismissed and the case closed on September 1, 2020.

5

to Plaintiff, the title history of the property erroneously lists Plaintiff as deceased as of 2018. *Id.* ¶ 29.

Under a section labeled "Legal Standard," Plaintiff's First Amended Complaint blanketly lists Florida statutes §§ 494.0025; 817.034, 817.535; 817.569; and 768.73. Plaintiff does not allege claims in separate Counts. Plaintiff does not include factual allegations related to the respective statutes identified. Plaintiff does not identify which Defendant is being sued under which statute. *See* Doc. 25 at 9–10. The First Amended Complaint seeks $300,000 in compensatory damages and punitive damages from each Defendant in the amount of $500,000. *Id.* at 11.

    **C.**    **Defendants' Motions to Dismiss**

On October 13, 2021, U.S. Bank moved to dismiss Plaintiff's Amended Complaint arguing she is seeking to relitigate issues that should have been raised in the state foreclosure action. U.S. Bank contends Plaintiff fails to meet basic pleading requirements, asserts dubious statutory causes of action, attempts to sue for violations of statutes that do not authorize private causes of action, and fails to allege decipherable causes of action making it impossible for it to interpose a defense. Doc. 29.

On January 13, 2022, James E. Albertelli, P.A. moved to dismiss the Amended Complaint and/or strike Plaintiff's demand for punitive damages. Doc. 38. Albertelli submits that it filed a foreclosure action against Plaintiff in state court due to her default on the mortgage that secured the subject property. According to Albertelli, Plaintiff aggressively defended the Foreclosure Action and asserted in that action

similar claims of fraudulent foreclosure, which were rejected by the state court. A foreclosure of the property was entered in U.S. Bank's behalf on October 8, 2014, which Plaintiff purportedly continued to challenge, albeit not by appeal. On March 6, 2015, Peers filed Chapter 7 bankruptcy, repeating her allegations of fraudulent foreclosure. In 2020, Plaintiff filed a federal quiet title action against the loan servicer, Select Portfolio Servicing, Inc., again raising allegations of fraud. Albertelli moves to dismiss the instant action arguing Plaintiff's First Amended Complaint fails to state any claim against the law firm. Albertelli points out that the "Amended Complaint lists a number of confusing and incongruous statements, cites random Florida statutes, then requests that she be awarded punitive and compensatory damages." Doc. 38 at 10. Albertelli further argues that nothing in the First Amended Complaint can be construed as a cause of action, nor do any of the statements allege a viable claim against Albertelli. The motion then proceeds to argue why the five statutes listed in the First Amended Complaint do not apply to the facts here.

## II.     LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that

is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

Pleadings from pro se litigants are held to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, they still must meet minimal pleading standards. *Pugh v. Farmers Home Admin.*, 846 F. Supp. 60, 61 (M.D. Fla. 1994).

### III.  DISCUSSION

#### A.  Motion for Default Judgment

Plaintiff again moves for default judgment against Defendants U.S. Bank, N.A., as Trustee and James E. Albertelli, Esquire d/b/a ALAW, The Albertelli Law Firm for not responding to the Second Amended Complaint. Doc. 62. As stated by the Court previously in its order denying Plaintiff's Motion for Default Judgment (Doc. 60), the Second Amended Complaint was stricken, and therefore, Defendants were not obligated to respond to it. Additionally, Plaintiff's motion is procedurally defective. *See* Fed. R. Civ. P. 55.

The operative Complaint is the First Amended Complaint. Defendants have responded to the First Amended Complaint with motions to dismiss, which are

pending before the Court. Accordingly, Plaintiff's motion for default judgment for the Defendants' failure to respond to the Second Amended Complaint is due to be denied.

### B. Shotgun Pleading

Complaints that violate either Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). In addition to including "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2); *Ashcroft*, 556 U.S. at 677-78; each claim asserted in a complaint must be "limited as far as practicable to a single set of circumstances," and each claim founded on a separate transaction or occurrence must be stated in a separate count or defense if doing so would promote clarity. Fed. R. Civ. P. 10(b). Failure to comply with these rules may result in a shotgun pleading. The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland*, 792 F.3d at 1321. A complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," constitutes one of these four recognized types of shotgun pleadings. *Id.* at 1323. Another recognized type of shotgun pleading is a complaint that "commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322–33. Ultimately, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. "A complaint that fails to articulate claims

9

with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (citation omitted). This includes a complaint that is "disjointed, repetitive, disorganized and barely comprehensible." *Id.* at 276. Likewise, this includes a complaint in which the complaint includes no specific factual allegations to inform the reader how the defendant violated the alleged statute. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014).

Courts in this Circuit have made clear the dangers of permitting a shotgun pleading to proceed: "Left unchecked, the parties' improper pleadings will complicate appellate review, impede the administration of justice, foster unnecessary expense, and prolong the confusion and complexity of the issues raised by the parties." *zIT Consulting GMBH v. BMC Software, Inc.*, No. 6:15-cv-1012-RBD-KRS, 2016 WL 231215, at *3 (M.D. Fla. Jan. 15, 2016) (citing *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996); *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (noting that all may be "lost" if a district court fails to "demand repleader" of shotgun pleading)). When faced with such a pleading, a court should strike the complaint and instruct plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008).

Here, the First Amended Complaint must be dismissed because it groups multiple causes of action under a single heading titled "Legal Standard" as opposed to separating causes of action into separate counts; it fails to identify which Defendant is

10

being sued for which claim or claims; it fails to plead any factual allegations related to the specific statutes alleged; and it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *See Weiland*, 792 F.3d at 1322; *see also Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011) (noting that shotgun pleadings lump claims together in one count); *Kennedy v. Bell S. Telecomm., Inc. (AT&T)*, 546 F. App'x 817, 818, 820 (11th Cir. 2013) (recognizing a "one-claim-per-count rule" under Fed. R. Civ. P. 10(b)); *Cramer v. Florida*, 117 F.3d 1258, 1261 (11th Cir. 1997) (describing the complaint at issue as "a rambling 'shotgun' pleading that is so disorganized and ambiguous that it is almost impossible to discern precisely what it is that these appellants are claiming"); *Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir. 2001) ("The failure of the plaintiff to identify his claims with sufficient clarity to enable the defendant to frame a [responsive] pleading constitutes shotgun pleading.").

The Defendants' motions to dismiss acknowledge the First Amended Complaint lacks sufficient clarity to allow the Defendants to frame responsive pleadings.[7] Accordingly, the First Amended Complaint is due to be dismissed as a shotgun pleading. Because the proposed complaints attached to Plaintiff's motion for

---

[7] Defendants also argue that Plaintiff's claims in the First Amended Complaint are barred by *res judicata* and collateral estoppel because Plaintiff already challenged the property foreclosure in the state court litigation. This argument is well-taken, but since the First Amended Complaint is a shotgun pleading, the Court will give Plaintiff one final opportunity to attempt to plead a cause of action against Defendants. In the event Plaintiff chooses to file a Second Amended Complaint, she is cautioned not to allege any claims or causes of action previously litigated in the foreclosure action or any other prior action.

leave to amend complaint suffer from the same deficiencies, the motions for leave to amend will be denied. However, Plaintiff will be given one final opportunity to amend her complaint.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's First Amended Complaint (Doc. 25) is **DISMISSED** as a shotgun pleading. If Plaintiff chooses to file a Second Amended Complaint, the Second Amended Complaint must be filed within **TWENTY-ONE (21) DAYS** of the date of this Order and must correct the pleading deficiencies discussed herein. Additionally, the Plaintiff may not raise any claim previously disposed of by the state court foreclosure litigation.

2. Defendant U.S. Bank, N.A.'s Motion to Dismiss First Amended Complaint (Doc. 29) is **DENIED without prejudice**.

3. Defendant James Albertelli's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 38) is **DENIED without prejudice**.

4. Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 55) is **DENIED** to the extent that Plaintiff may not file the proposed Second Amended Complaint attached to her motion. However, Plaintiff is permitted to file an amended complaint as discussed herein.

5. Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 61) is **DENIED**.

6. Plaintiff's Motion for Default Judgment against Defendants (Doc. 62) is **DENIED**.

7. Plaintiff's failure to file a Second Amended Complaint that corrects the deficiencies referenced in this Order or that fails to be filed within the time permitted may result in dismissal of this action without prejudice and without further notice.

**DONE AND ORDERED** in Tampa, Florida on January 5, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties