UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOLORES ROSE PEERS,

    Plaintiff,

v.                                        Case No: 8:21-cv-935-CEH-AEP

U.S. BANK, N.A., JAMES E.
ALBERTELLI, ESQ. and
ROBERTSON, ANSHUTZ, AND
SCHNEID, P.L.L.C. (RAS),

    Defendants.

_____

## ORDER

This matter is before the Court upon review of the file. On January 5, 2023, the Court issued an order dismissing Plaintiff's Amended Complaint as a shotgun pleading. Doc. 73. The Court gave Plaintiff one final opportunity to correct the deficiencies in her filings and to file a complaint that comports with the Federal Rules of Civil Procedure. On January 20, 2023, Plaintiff filed a Second Amended Complaint. Doc. 74. Because the Second Amended Complaint fails to cure the pleading deficiencies identified by the Court in its January 5, 2023 Order, this action is due to be dismissed.

## DISCUSSION

A district court may dismiss a plaintiff's claims pursuant to Rule 41(b) or the court's inherent authority to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Under Rule 41(b), "[i]f the plaintiff

fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss this action or any claim against it." Fed. R. Civ. P. 41(b). The Eleventh Circuit has recognized that a district court may dismiss an action *sua sponte* for the plaintiff's failure to prosecute her case or obey a court order under Rule 41(b). *Betty K Agencies, Ltd.*, 432 F.3d at 1337. A district court's "inherent authority to control its docket and ensure the prompt resolution of lawsuits" includes the ability to dismiss a complaint on shotgun pleading grounds. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)).

The Court's January 5, 2023, Order dismissed Plaintiff's Amended Complaint as a shotgun pleading. Doc. 73. The Court gave Plaintiff one final opportunity to amend. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ("In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies.'"). In so doing, the Court provided Plaintiff with specific guidance to correct her pleading deficiencies. *See* Doc. 73. Specifically, the Court directed Plaintiff that, if she chose to file a Second Amended Complaint, it must not only include a short and plain statement showing she is entitled to relief but also separate the claims against Defendants into separate counts and not assert multiple claims against multiple Defendants in the same count. *Id.* at 9. Additionally, the Court cautioned that Plaintiff's complaint should not be disjointed, repetitive, disorganized, or incomprehensible. Significantly, the Court directed Plaintiff not to allege any claims or causes of action previously litigated in the

2

state foreclosure action. Despite the Court's guidance, the Second Amended Complaint filed by Plaintiff is still woefully deficient.

On January 20, 2023, Plaintiff filed a four-page Second Amended Complaint seeking one hundred thousand dollars from each Defendant and $325,000 in consequential damages. Doc. 74. Plaintiff names three Defendants: (1) U.S. Bank, as Trustee; (2) James E. Albertelli, Esq. d/b/a ALAW the Albertelli Law Firm; and (3) Robertson, Anshutz, and Schneid, P.L.L.C. The Second Amended Complaint consists of only four paragraphs; Defendants are not sued in separate counts; there are no numbered counts; the Second Amended Complaint attacks the underlying state court foreclosure action; and other than referencing a wrongful foreclosure, it is unclear what, if any, causes of action Plaintiff is attempting to assert. Plaintiff makes vague reference to the *Rooker-Feldman* doctrine and the doctrine of unclean hands. This is Plaintiff's third attempt to plead a cognizable claim. Plaintiff has again failed. The Second Amended Complaint is incomprehensible and does not assert any cognizable claim showing Plaintiff is entitled to relief. The Court cautioned Plaintiff that "failure to file a Second Amended Complaint that corrects the deficiencies referenced in [the Court's] Order . . . may result in dismissal of this action without prejudice and without further notice." Doc. 73 at 13.

Accordingly, it is

**ORDERED:**

1.   This action is **DISMISSED without prejudice**.

3

2.      The Clerk is directed to terminate any pending motions and deadlines and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on January 27, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Dolores Rose Peers, *pro se*